AMACHER, Respondent v. SOURS, Appellant.

(171 N. W. 329).

(File No. 4447.    Opinion filed March 29, 1919.    Rehearing denied June 3, 1919.)

**Warranty—Sale of Seeds—Penal Statute Re Labelling Seed Package, Instruction Re, Error.**

In a suit to recover damages for breach of warranty of kind and purity of seed purchased by plaintiff of defendant, defendant denying warranty and alleging he acted merely as agent of plaintiff in procuring the seed from a seed house; evidence showing that when defendant received the seed from the seed house, tags purporting to inform as to kind and purity of the seed and reciting that no warranty accompanied the sale were attached to the sacks containing same; **held**, that trial court erroneously based instructions upon Laws 1913, Ch. 320, requiring that vendor of seeds shall attach to the package a label showing kind and purity of seeds, etc., and providing a penalty for failure to comply therewith, and erroneously instructed jury that if the seed was properly labeled, that fact alone warranted verdict for plaintiff; said law being penal in nature, and any question whether the said company or defendant, complied with said law in no manner affected defendant's civil liability; the issue being whether there had been an oral warranty of the seed.

Appeal from Circuit Court, Hamlin County.    HON. CARL G. SHERWOOD, Judge.

Action by U. Amacher, against W. W. Sours, to recover damages for breach of warranty in sale of agricultural seed. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Reversed.

*Eugene P. Campbell,* and *Hall, Alexander & Purdy,* for Appellant.

*J. G. McFarland,* for Respondent.

Appellant cited:

Ross v. Northrup King & Co., (Wis.) 144 N. W. 1124.

WHITING, J. Plaintiff sued to recover damages claimed to have been suffered because of a breach of warranty as to the kind and purity of certain seed which plaintiff alleged he purchased of defendant. Defendant denied warranting the seed, and also alleged that he acted as the mere agent of plaintiff in procuring the seed from a seed house in another state, and that this seed came from the seed house, and was turned over to plaintiff, labeled or tagged with the card which had printed thereon, among other things, the fact that no warranty of any kind accompanied the sale. Verdict and judgment were for the plaintiff. Defendant has appealed from the judgment and from an order denying a new trial.

We are of the opinion that there was evidence to support the verdict, and that there were no errors prejudicial to the defendant in the admission of evidence, or in the giving of such instructions as bore upon any issue raised by the pleadings.

The court, however, in its instructions, injected into this case something that, to our minds, was entirely foreign to same, and not warranted cither by the pleadings or evidence. Chapter 320, Laws 1913, requires that one selling agricultural seeds shall attach to the package a label or tag showing, among other things, the kind of seed, and a statement of the purity of the seed specifying the approximate percentage of impurities. There was proof that, when defendant received this seed from the seed house, the sacks containing same had tags attached thereto purporting to give the above information; but plaintiff denied that such tags were attached when he received it.

Even though such tags were attached and brought to the attention of the plaintiff, we think instructions based on chapter 320, Laws 1913, would have been improper. This law is penal in its nature, providing a penalty for any failure to comply therewith. The court instructed the jury in effect that, if this seed was not properly labeled, that fact alone was a sufficient foundation for a recovery on the part of plaintiff. The issue in this case was whether or not there had been an oral warranty of this seed by the defendant; any question of whether or not the seed company, or even defendant, complied with the above law, in no manner affect-

ed defendant's civil liability under his contract with plaintiff. For all the trial court or this court may know, the jury may have believed that defendant never gave the warranty claimed by plaintiff, and yet have found a verdict for plaintiff based entirely upon the fact that the seed was not as labeled.

The judgment and order appealed from are reversed.